UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CAROLYN CARPENTER | ) | CASE NO. 4:05 CV2828 |
| *on behalf of* CHARLIE JONES, | ) | |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On December 11, 2005, the above-captioned petition for a writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by layman Carolyn Carpenter on behalf of named petitioner Charlie Jones. The petition names the United States of America and the Warden at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton) as the respondents. Mr. Jones is currently incarcerated in the Federal Satellite Low at Elkton. The petition seeks to vacate, set aside or void petitioner's sentence of 192 months.

*Background*

Mr. Jones was arrested by the police in Youngstown, Ohio on June 25, 1992. He was charged with carrying a concealed weapon and drug use. The concealed weapon charge was subsequently dismissed by the State of Ohio on July 2, 1992.

An indictment was filed on December 8, 1992 in the United States District Court for the Northern District of Ohio. United States v. Jones, No. 4:92cr0447 (N.D. Ohio filed Dec. 8, 1992). The indictment charged Mr. Jones with violations of 18 U.S.C. §§ 922(g)(1) and

924(e), Felon in Possession of a Firearm. He entered a plea of not guilty. Following a bench trial before Judge David Dowd, Jr., the court determined that the government established its case against petitioner beyond a reasonable doubt and found him guilty as charged.

On June 24, 1994, Judge Dowd sentenced Mr. Jones to 192 months in prison, followed by 5 years of supervised release. He appealed his sentence to the Sixth Circuit Court of Appeals on July 1, 1994. The appeals court affirmed the district court's judgment on April 28, 1995.

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 was filed by Mr. Jones in the United States District Court for the Northern District of Ohio on July 11, 1995. <u>Jones v. United States</u>, No. 5:95cv1506 (N.D. Ohio filed July 11, 1995). Judge Dowd denied the motion on March 5, 1996. Mr. Jones appealed the district court's judgment to the Sixth Circuit on March 25, 1996. The Court of Appeals affirmed the district court's decision on December 26, 1996.

In August 1997, Mr. Jones filed a motion in the district court for re-sentencing. Judge Dowd denied the motion on September 29, 1997. More than two years later, he filed a motion to correct record and/or modify sentence on December 27, 1999. Judge Dowd denied the motion on January 14, 2000.

*Analysis*

In the petition before this court, it is asserted that Mr. Jones "was illegally and subject to nullification, tried, convicted and sentenced to 192 months with an Armed Career Criminal enhancement on June 23, 1994." (Pet. at 3.) The petition claims that Mr. Jones is "actually innocent" based on his interpretation of 18 U.S.C. § 922(g). It is claimed that "newly discovered evidence" that should have been known by counsel for the government, as well as

petitioner's attorney, has been discovered. Moreover, it is asserted that the Assistant United States Attorney perpetrated a fraudulent act upon the court. Mr. Jones was allegedly not aware of his rights to this "claim" until the fall of 2003.

It is claimed that the civil rights which Mr. Jones forfeited when he was convicted earlier were restored, without reservation, by the Ohio Department of Rehabilitation and Corrections on March 8, 1990. At the time of his arrest, section 2967.16 of the Ohio Revised Code stated: "A prisoner who has served the maximum term of his sentence or who has been granted his final release by the adult parole authority shall be restored to the rights and privileges forfeited by his conviction." (Pet. at 5.) It is on this basis that the petition sets forth that the Armed Career Criminal Act (ACCA) in effect at the time of petitioner's arrest stated that "restorations of Civil Rights by States Can Preclude Use of a(ny) Predicate Conviction; 2) The restoration of rights may prevent a judgment from being used as an ACCA predicate and arguably preclude prosecution as a felon in possession of a firearm altogether because the definitional [sic] section applies to the entire firearms chapter." (Pet. at 5.)

Based on these assertions, it is contended that the indictment against Mr. Jones was "manifestly defective." Moreover, the government engaged in an act of fraud by indicting Mr. Jones for a crime of which he was not guilty. Accordingly, the petition claims he has a constitutional right to be "relieved from a void judgment."

*28 U.S.C. § 2242*

Section 2242 in Title 28 of the United States Code provides that an "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. In this present petition filed

3

on behalf of Mr. Jones, Carolyn Carpenter describes herself as a layman who "does not hold herself out as practicing law or as being a member of the bar." (Pet. at 9.) She believes that "rule 2(c)(5) has been amended" to remove any requirement that a petitioner personally sign his petition before the court and that this latitude is reflected in 28 U.S.C. § 2242.[1]

Contrary to her belief, however, a "next friend" does not herself become a party to the habeas corpus action in which she participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Morgan v. Potter, 157 U.S. 195, 198 (1895); Nash ex rel. Hashimoto v. MacArthur, 87 U.S.App.D.C. 268, 269-270 (1950), cert. denied, 342 U.S. 838 (1951). The body of case law which has developed around 28 U.S.C. § 2242 indicates that "next of friend" status will be available "only when the application or writ establishes some reason or explanation satisfactory to the Court showing: (1) why the person detained did not sign and verify the petition and (2) the relationship and interest of the 'next friend.'" Weber v. Garza, 570 F.2d 511, 513 (5th Cir. 1978).

Upon careful examination of the petition, Ms. Carpenter lacks standing to file a 28 U.S.C. § 2241 habeas corpus petition on behalf of Mr. Jones. To prosecute a habeas corpus action on behalf of another, i.e., as a "next friend," a pro se litigant "must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action," must be dedicated to the best interests of the real party in interest, and must have a significant relationship with the real party

---

[1] The court presumes this is a reference to Rule 2 of the Rules Governing Section 2254 Cases in The United States District Courts, which states that a § 2254 petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." RULES GOVERNING § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254.

in interest. Whitmore v. Arkansas, 495 U.S. 149 (1990); Coalition of Clergy, Lawyers, & Professors v. Bush, 310 F.3d 1153, 1159-60 (9th Cir.2002); West v. Bell, 242 F.3d 338, 341 (6th Cir.2001); see also 28 U.S.C. § 2242.  The burden is on the "next friend" clearly to establish the propriety of his or her status and thereby justify the jurisdiction of the court. Smith ex rel. Missouri Public Defender Comm'n v. Armontrout, 812 F.2d 1050, 1053 (8th Cir.), cert. denied, 483 U.S. 1033, 1053 (1987); Groseclose ex rel. Harries v. Dutton, 594 F.Supp. 949, 952 (MD Tenn.1984).  Ms. Carpenter has failed to show what her relationship is with the real party interest or that he lacks access to the courts, is incompetent, or suffered from another disability preventing him from prosecuting this action on his own behalf.  Absent a showing of exceptional circumstances, a habeas corpus petitioner may not be represented by a non-attorney engaging in the unauthorized practice of law. See Weber, 570 F.2d at 513-14. No showing of exceptional circumstances is apparent in the instant case.

Based on the foregoing, the petition is dismissed based on a lack of jurisdiction. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: February 27, 2006                    *s/    James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE